UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAXWELL J. KIMPSON,                    :
                                       :
                                       :
        Plaintiff,                     :
                                       :
    v.                                 :   Case No. 1:06-CV-00018(RWR)
                                       :
FANNIE MAE CORPORATION,                :
                                       :
                                       :
        Defendant.                     :

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

Comes now Plaintiff, Maxwell J. Kimpson, through his attorneys THOMPSON O'DONNELL, LLP, and hereby moves pursuant to Rule 55 of the Federal Rules of Civil Procedure for entry of judgment by default against Defendant Fannie Mae Corporation.

**ARGUMENT**

Plaintiff filed his Complaint on January 6, 2006. Thereafter, Plaintiff served Defendant with the Summons and Complaint on January 20, 2006. Service was effected through certified mail to Jodie Kelley, Esquire. Despite being served with the Summons and Complaint, Defendant failed to serve an Answer within the time provided; therefore, Plaintiff is entitled to judgment by default.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service upon a corporation is effected in the manner prescribed by the law of the state in which the District Court is located. Therefore, service in this case is governed by Rule 4 of the District of Columbia Rules of Court , which prescribes service by delivering a copy of the summons and complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law

to receive service of process. Jodie Kelley is a Vice President and Deputy General Counsel and therefore an officer of the corporation. Furthermore, Defendant directed that Plaintiff serve Jodie Kelley with the Complaint. (See email attached hereto as Exhibit A from Defendant's Associate General Counsel Madonna McGwin to counsel for Plaintiff directing that the Complaint be served upon Jodie Kelley).

Pursuant to Rule 4(C)(3) of the District of Columbia Rules of Court, service may be effected by mailing a copy of the summons and complaint using certified mail, return receipt requested. Plaintiff sent a copy of the Complaint and Summons to Jodie Kelley by certified mail, return receipt requested. Defendant received and signed for this certified mail on January 20, 2006. A copy of the signed certified mail acknowledgment card is attached hereto as Exhibit B. Pursuant to Rule 4(l) of the Federal Rules of Civil Procedure, Plaintiff filed a Proof of Service with the Court attesting to serving the Defendant on January 20, 2006.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant had twenty days after being served with the Summons and Complaint to serve its Answer. Accordingly, Defendant's Answer was due on February 9, 2006. Defendant has not served its Answer to the Complaint and the time allowed for answering has passed.

Plaintiff's Complaint claims damages for which a sum can be made certain by computation. Because these damages are certain, Plaintiff moves pursuant to Rule 55 (b) that Defendant be ordered to pay those amounts upon entry of the judgment by default. Plaintiff's Complaint claims damages for the amount Plaintiff would have earned had he not been wrongfully terminated, plus interest. As of the date of this Motion, Plaintiff would have earned $69,736.59, including interest, had he not been wrongfully terminated. In addition, Plaintiff's Complaint claims damages of $3,000,000.00 as compensation for the pain, suffering,

humiliation, and embarrassment caused by Defendant's actions.  Plaintiff's Complaint also claims litigation costs, including attorney's fees and all other costs related to preparation and litigation of this matter.  Plaintiff is entitled to litigation costs under 29 C.F.R. § 1980, the regulation under which Plaintiff brought his Complaint.  As of the date of this Motion, Plaintiff's attorneys fees and costs total $49,100.50.  Because these sums are certain, Plaintiff moves that the Court order Defendant to pay these amounts to Plaintiff upon entry of the judgment by default.

Plaintiff's Complaint also claims damages for amounts which cannot be made certain through mere computation and therefore require a hearing.  Plaintiff's Complaint claims damages to compensate Plaintiff for the loss of income and earning capacity that Defendant's conduct has caused, as well as punitive damages.  Because these compensatory and punitive damages cannot be made certain, Plaintiff moves that the Court conduct a hearing to determine these amounts.

## **CONCLUSION**

Plaintiff properly served Defendant with the Summons and Complaint.  Defendant failed to answer the Complaint within the time provided.  Pursuant to Rule 55 of the Federal Rules of Civil Procedure Plaintiff is entitled to judgment by default.  Therefore, for the reasons described herein, Plaintiff moves this Court for an Order entering Judgment by Default in favor of the Plaintiff.

                        THOMPSON O'DONNELL, LLP

                        */s/ Michael Hannon*
                        J. Michael Hannon #352526
                        Sean G. Ryan #495067
                        THOMPSON O'DONNELL, LLP
                        1212 New York Avenue, N.W.
                        Suite 1000
                        Washington, D.C. 20005
                        (202) 289-1133

                        Attorneys for Plaintiff
                        Maxwell J. Kimpson