UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXWELL J. KIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-00018 (RWR) |
| ) | |
| FANNIE MAE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE
ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Pursuant to LCvR 7(a) and Fed.R.Civ.P. 6(b), Defendant Fannie Mae ("Fannie Mae") submits this Memorandum of Points and Authorities in support of its Motion for Enlargement ("Motion for Enlargement") of Time in which Fannie Mae must file its Answer or Otherwise Respond to Plaintiff Maxwell J. Kimpson's ("Plaintiff") Complaint. In support thereof, Fannie Mae states as follows:

1. Plaintiff filed this action on January 6, 2006. According to the Return of Service/Affidavit filed by Plaintiff's counsel, the Summons and Complaint were served on Fannie Mae by certified mail addressed to Jodie Kelley, Esq., Vice-President and General Counsel, Fannie Mae, on January 20, 2006.[1] Assuming that both the date and manner of service

---

[1] Apparently, Plaintiff elected to serve Fannie Mae by certified mail, return receipt requested, as authorized under D.C. local law – see SCR-Civil 4(c)(3) – and as permitted under Fed.R.Civ.P. 4(e)(1). While Fannie Mae does not concede that Plaintiff made proper service on an agent authorized to accept service on behalf of Fannie Mae, or that Plaintiff complied with the requirements of SCR-Civil 4(c)(3) and Fed.R.Civ.P. 4, Fannie Mae will not contest the sufficiency of service of process in this matter.

are accurate, Fannie Mae's time to Answer or otherwise respond to Plaintiff's Complaint would have been on or before February 9, 2006.

2.   One of Fannie Mae's in-house counsel – Ms. Madonna A. McGwin – had been representing Fannie Mae with respect to the issues raised by Plaintiff prior to the filing of the Complaint. In fact, counsel for Plaintiff called Ms. McGwin directly to ascertain the proper person to receive service of the Complaint – which Ms. McGwin identified as Ms. Kelley – if Plaintiff elected to file suit. See Ms. McGwin's response to that inquiry at Exhibit B to Plaintiff's Motion for Entry of Default Judgment (Docket Entry No. 3). Nonetheless, when no Answer or responsive pleading was filed in response to Plaintiff's Complaint, Plaintiff's counsel elected to file a Motion for Default Judgment instead of contacting Ms. McGwin and inquiring as to the status of Fannie Mae's response to Plaintiff's Complaint. According to the certificate of service, the Motion for Default Judgment was also served by mail on Ms. Kelley, even though Ms. McGwin had been the active in-house counsel at Fannie Mae responsible for this matter.

3.   In January and early February, following the conversation with Plaintiff's counsel regarding the identity of who at Fannie Mae should receive service of process, Ms. McGwin had several communications with Ms. Kelley concerning the anticipated arrival of a Summons and Complaint from Plaintiff's counsel. Ms. Kelley continually indicated to Ms. McGwin that she had not received any correspondence or pleadings concerning Plaintiff. However, on February 24, 2006, Ms. Kelley received a copy of the Motion for Default Judgment noted above. Upon review of the Motion for Default Judgment and the attached exhibits, particularly the signed return receipt, in-house counsel for Fannie Mae attempted to determine whether the complaint

had, in fact, been delivered. Fannie Mae personnel were able to locate a copy of the Complaint and Summons, but could not locate the envelope in which it may have arrived.[2]

4. On Friday, February 24, 2006, after reviewing the Motion for Default Judgment, Ms. McGwin contacted counsel for Plaintiff. Ms. McGwin informed counsel for Plaintiff that both she and Ms. Kelley had just learned that day of the Motion for Default Judgment. Ms. McGwin offered to accept service if Plaintiff would withdraw the Motion for Default Judgment and allow Fannie Mae additional time to file an Answer or otherwise respond to Plaintiff's Complaint. Although Plaintiff's counsel indicated that the Court may have already denied Plaintiff's Motion for Entry of Default Judgment, Plaintiff's counsel refused to withdraw the Motion for Entry of Default Judgment and indicted that Plaintiff would continue to seek a default.[3]

5. On Tuesday, February 28, 2006, Ms. McGwin contacted Holland & Knight about representing Fannie Mae in the defense of Plaintiff's lawsuit. Holland & Knight agreed to undertake this representation, and turned its immediate attention to the preparation of this Motion for Enlargement as well as a Motion to Compel Arbitration, which will be filed on or before March 3, 2006.

6. On March 1, 2006, undersigned counsel from Holland & Knight contacted J. Michael Hannon, counsel for Plaintiff, concerning the Motion for Enlargement. In the course of that telephone conversation with Mr. Hannon, undersigned counsel from Holland & Knight

---

[2] While the Summons and Complaint were located in the Fannie Mae law department, no envelopes were located for either the Summons and Complaint or the Motion for Default Judgment which could provide any further information as to when these documents arrived at Fannie Mae. Nonetheless, it appears that the Summons and Complaint were received by Fannie Mae, and Fannie Mae's failure to timely respond to Plaintiff's Complaint was an inadvertent administrative oversight. While Fannie Mae has internal control procedures which allow Fannie Mae to properly track items received through service of process, it appears that this incident has identified a potential flaw as to those limited circumstances when service can be accomplished through mailing. Fannie Mae is taking steps to ensure that such flaw is corrected.

[3] In-house counsel for Fannie Mae did not obtain the Court's Minute Order denying the Motion for Default Judgment until Monday, February 27, 2006.

3

asked – as required by LCvR 7(m) – whether Plaintiff would consent to a short extension of time for Fannie Mae's new counsel to file an Answer or otherwise respond to Plaintiff's Complaint. The undersigned further requested that Plaintiff consent to a Motion to Compel Arbitration. Mr. Hannon indicated that he would not agree to additional time for Fannie Mae to respond to Plaintiff's Complaint; he also refused to consent to the Motion to Compel Arbitration.

6. In the day and one half that undersigned counsel has worked on this matter, he has moved as quickly as possible to determine the proper response to Plaintiff's Complaint. This brief investigation[4] has confirmed that Fannie Mae does have meritorious defenses to Plaintiff's claims and, further, that these claims are subject to mandatory arbitration pursuant to the terms of Plaintiff's employment agreement with Fannie Mae.

7. It is clear that federal courts prefer a fair trial on the merits of a dispute over defaults and default judgments.[5] Biton v. Palestine Interim Self Government Authority, 233 F.Supp. 2d. 31, 33-4 (D.D.C. 2002), citing Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980). As demonstrated above, Fannie Mae's failure to respond to the Summons and Complaint within 20 days of January 20, 2006, was simply the result of inadvertence within Fannie Mae's headquarters. Moreover, Plaintiff cannot point to any prejudice by the relief sought by this motion, as the slight delay created by Fannie Mae's failure to answer or otherwise respond by mid-February will not adversely effect Plaintiff's ability to fairly prosecute his claims. No discovery has occurred, nor a scheduling order put in place, which requires any change or adjustment. A slight delay, by itself, does not establish prejudice. Corso v. First Frontier

---

[4] The brief investigation of the undersigned includes an understanding that the same issues raised in Plaintiff's Complaint were extensively investigated by an investigator for the U.S. Department of Labor (charged with the authority to conduct such investigations) and such investigator recommended to the DOL that the administrative complaint filed by Plaintiff be dismissed.

[5] As of the filing of this Motion for Enlargement, neither a Request for Entry of Default nor a Motion for Entry of Default Judgment are pending before the Court. However, in light of Plaintiff's prior Motion for Default Judgment, and refusal to consent to this Motion for Enlargement, Fannie Mae submits that there is good cause for the relief sough by the Motion for Enlargement under Fed.R.Civ.P. 6(b) and 55(c).

Holdings, Inc., 205 F.R.D. 420, 421 (S.D.N.Y. 2001), citing Enron Oil Corp. v. Diakuhara, 10 F.3rd 90, 95-56 (2nd Cir. 1993)(also noting the Second Circuit's preference for resolution of disputes on the merits).

8. As reflected by the Motion to Compel Arbitration which will be filed in the next day or two, the claims raised in Plaintiff's Complaint are subject to mandatory arbitration. Further, Fannie Mae also has meritorious defenses to assert to Plaintiff's claims including, but not limited to, the fact that an investigator from the Department of Labor previously investigated these exact claims and determined that they were of no merit.

**WHEREFORE**, Fannie Mae respectfully requests this Court grant the Motion for Enlargement and enter the attached Order allowing Fannie Mae to file an Answer or otherwise respond to Plaintiff's Complaint on or before March 3, 2006.

Dated: March 1, 2006                    Respectfully submitted,

By:    /s/ Philip T. Evans
Philip T. Evans (D.C. Bar No. 441735)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Tel: (202) 955-3000/Fax: (202) 955-5564

/s/ Madonna A. McGwin
Madonna A. McGwin (D.C. Bar No. 293795)
Associate General Counsel
FANNIE MAE
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016

*Counsel for Fannie Mae*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of March, 2006, he caused a copy of the foregoing Motion for Enlargement of Time, the Memorandum of Points and Authorities in Support, and a Proposed Order to be served by electronic means on:

J. Michael Hannon
Thompson, O'Donnell LLP
1212 New York Avenue, NW
Suite 1000
Washington, D.C. 20005

                                          /s/ Philip T. Evans
                                          Philip T. Evans

# 3622138_v1