UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAXWELL J. KIMPSON,            :
                               :
         Plaintiff,            :
                               :
    v.                         :   Case No. 1:06-CV-00018(RWR)
                               :
FANNIE MAE CORPORATION,        :
                               :
         Defendant.            :

## AFFIDAVIT IN SUPPORT OF DEFAULT

I hereby certify under the penalty of perjury, this 16th day of February 2006, that I am the attorney of record for the Plaintiff in the above-entitled case; that the Defendant was served via registered mail pursuant to provisions of Rule 4 (C)(3) of the Superior Court of the District of Columbia on January 20, 2006.

I further certify under the penalty of perjury that no appearance has been entered by said Defendant in the case; no pleading has been filed and none served upon the attorneys for the Plaintiff; no extension has been given and the time for filing has expired; that the Defendant is neither an infant nor an incompetent person.

I further certify under the penalty of perjury that Plaintiff's legal fees and expenses as of the date of this Affidavit total $ 49,100.50.  The hourly rate has been $235.00 for partners; $180 for associates; $100 for law clerks; and $35 for my administrative assistant.  The fees and expenses incurred are, in my professional opinion, reasonable and necessary in the investigation and prosecution of this matter.

In the absence of a stated interest rate, the interest amounts claimed in the Motion for Default Judgment were calculated using the post judgment rate utilized by this Court pursuant

to 28 U.S.C. § 1961. Pursuant to that statute, I utilized a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. For judgments beginning this week, that interest rate is 4.6% annually. I calculated this interest rate into an amount per month, and multiplied that times the number of months since Defendant wrongfully terminated Plaintiff. I then applied this interest rate to the total amount of income Plaintiff would have received had he not been wrongfully terminated.

J. Michael Hannon #352526
THOMPSON O'DONNELL, LLP
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C. 20005
(202) 289-1133