UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MAXWELL J. KIMPSON,

    Plaintiff,

v.

FANNIE MAE,

    Defendant.

Case No. 1:06-cv-00018 (RWR)

---

## FANNIE MAE'S VERFIED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Fannie Mae ("Fannie Mae"), by and through its undersigned attorneys, states as follows with respect to each of the numbered paragraphs of Plaintiff Maxwell J. Kimpson's ("Plaintiff" or "Kimpson") Complaint:

*The Parties*

1. Upon information and belief, Fannie Mae admits the information about Mr. Kimpson's address as stated in Paragraph 1 of the Complaint. Fannie Mae further admits that Mr. Kimpson is a former employee of Fannie Mae. Fannie Mae denies the remaining allegations and demands strict proof thereof.

2. Fannie Mae denies that it is known as "Fannie Mae Corporation." Fannie Mae's proper name is "Fannie Mae." It was formerly known as the Federal National Mortgage Association. Fannie Mae's main office is located at 3900 Wisconsin Avenue, N.W., Washington, D.C. 20016. Effective March 31, 2003, Fannie Mae voluntarily registered its common stock with the Securities and Exchange Commission ("SEC") under Section 12(g) of the Securities Exchange Act of 1934, and began filing periodic reports with the

1

SEC from that date. Prior to its voluntary registration, Fannie Mae was not required to file periodic reports with the SEC.

*Jurisdiction*

3. Paragraph 3 contains statements of legal authority and interpretation for which no response in necessary.

4. Paragraph 4 contains statements of legal authority and interpretation for which no response in necessary.

5. Paragraph 5 contains statements of legal authority and interpretation for which no response in necessary.

6. Paragraph 6 contains statements of legal authority and interpretation for which no response in necessary.

*Venue*

7. Fannie Mae Fannie Mae admits that it is deemed to be a District of Columbia corporation for the purposes of jurisdiction and venue in civil actions. *See* 12 U.S.C. §1717(a)(2)(B). Fannie Mae further admits that it employed Plaintiff – on an at-will basis – to work as a full-time regular employee from on or about August 28, 2000, to April 5, 2005.

*Summary*

8. Paragraph 8 contains statements of legal authority and interpretation for which no response in necessary. Fannie Mae denies each and every one of the remaining allegations and demands strict proof thereof.

9.       Fannie Mae is without sufficient information to either admit or deny the information about Mr. Kimpson's background and experience (outside of Fannie Mae) as alleged in Paragraph 9 of the Complaint. Fannie Mae admits that Mr. Kimpson was a summer intern prior to his full-time employment by Fannie Mae. Fannie Mae further admits that it hired Mr. Kimpson to work full-time on August 28, 2000, as a Contract Procurement Specialist in the Corporate Procurement Services department (not Contract and Procurement Services). Fannie Mae denies the remaining allegations in Paragraph 9 and demands strict proof thereof.

*Contract and Procurement Service Department*

10.      Fannie Mae denies the allegations in Paragraph 10 and demands strict proof thereof.

11.      Fannie Mae denies the allegations in Paragraph 11 and demands strict proof thereof.

12.      Fannie Mae denies the allegations in Paragraph 12 and demands strict proof thereof.

13.      Fannie Mae denies the allegations in Paragraph 13 and demands strict proof thereof.

14.      Fannie Mae denies the allegations in Paragraph 14 and demands strict proof thereof.

15.      Fannie Mae denies the allegations in Paragraph 15 and demands strict proof thereof.

16.      Fannie Mae denies the allegations in Paragraph 16 and demands strict proof thereof.

*Mr. Kimpson's Performance as a Contract Procurement Specialist*

17.     Fannie Mae denies the allegations in Paragraph 17 and demands strict proof thereof.

18.     Fannie Mae denies the allegations in Paragraph 18 and demands strict proof thereof.

19.     Fannie Mae admits that Plaintiff's 2002 year-end Review is attached as Exhibit A to his Complaint. Fannie Mae avers that Exhibit A speaks for itself. Fannie Mae denies Plaintiff's characterization of Exhibit A.

*Mr. Kimpson's Promotion To Senior Contract Procurement Specialist*

20.     Fannie Mae denies the allegations in Paragraph 20 and demands strict proof thereof.

21.     Fannie Mae denies the allegations in Paragraph 21 and demands strict proof thereof.

22.     Fannie Mae denies the allegations in Paragraph 22 and demands strict proof thereof. Fannie Mae further avers that experience and training alleged by Plaintiff to be lacking in his managers, was not required in the procurement area.

23.     Fannie Mae denies the allegations in Paragraph 23 and demands strict proof thereof.

24.     Fannie Mae denies the allegations in Paragraph 24 and demands strict proof thereof.

*Mr. Kimpson Reports His Concerns Regarding Fannie Mae Practices*

25.     Fannie Mae denies the allegations in Paragraph 25 and demands strict proof thereof.

26.     Fannie Mae denies the allegations in Paragraph 26 and demands strict proof thereof.

27.     Fannie Mae denies the allegations in Paragraph 27 and demands strict proof thereof.

28.     Fannie Mae denies the allegations in Paragraph 28 and demands strict proof thereof.

29.     Fannie Mae denies the allegations in Paragraph 29 and demands strict proof thereof.

30.     Fannie Mae denies the allegations in Paragraph 30 and demands strict proof thereof.  Fannie Mae avers that Exhibit B speaks for itself.

31.     Fannie Mae avers that Exhibit C speaks for itself.  Fannie Mae denies Plaintiff's characterization of Exhibit C.

32.     Fannie Mae denies the allegations in Paragraph 32 and demands strict proof thereof.

33.     Fannie Mae denies the allegations in Paragraph 33 and demands strict proof thereof.  Fannie Mae avers that Exhibit C speaks for itself.

34.     Fannie Mae denies the allegations in Paragraph 34 and demands strict proof thereof.

35.     Paragraph 35 contains statements of statutory interpretation for which no response in necessary.  Fannie Mae denies the remaining allegations in Paragraph 35 and demands strict proof thereof.

*Fannie Mae's Retaliation Against Mr. Kimpson*

36.    Fannie Mae denies the allegations in Paragraph 36 and demands strict proof thereof.

37.    Fannie Mae denies the allegations in Paragraph 37 and demands strict proof thereof.

38.    Fannie Mae denies the allegations in Paragraph 34 and demands strict proof thereof.

39.    Fannie Mae denies the allegations in Paragraph 39 and demands strict proof thereof.

40.    Fannie Mae denies the allegations in Paragraph 40 and demands strict proof thereof.

41.    Fannie Mae denies the allegations in Paragraph 41 and demands strict proof thereof.

42.    Fannie Mae denies the allegations in Paragraph 42 and demands strict proof thereof.

43.    Fannie Mae denies the allegations in Paragraph 43 and demands strict proof thereof.

44.    Fannie Mae denies the allegations in Paragraph 44 and demands strict proof thereof.  Fannie Mae avers that Exhibit D, and the responses thereto, speak for themselves.

45.    Fannie Mae denies the allegations in Paragraph 45 and demands strict proof thereof.

46. Fannie Mae denies the allegations in Paragraph 46 and demands strict proof thereof.

47. Fannie Mae denies the allegations in Paragraph 47 and demands strict proof thereof.

48. Fannie Mae denies the allegations in Paragraph 48 and demands strict proof thereof.

49. Fannie Mae denies the allegations in Paragraph 49 and demands strict proof thereof.

50. Fannie Mae denies the allegations in Paragraph 50 and demands strict proof thereof.

51. Fannie Mae denies the allegations in Paragraph 51 and demands strict proof thereof.

52. Fannie Mae denies the allegations in Paragraph 52 and demands strict proof thereof.

53. Fannie Mae denies the allegations in Paragraph 53 and demands strict proof thereof.

54. Fannie Mae denies the allegations in Paragraph 54 and demands strict proof thereof. Fannie Mae avers that Exhibit E speaks for itself.

55. Fannie Mae denies the allegations in Paragraph 55 and demands strict proof thereof.

56. Fannie Mae denies the allegations in Paragraph 56 and demands strict proof thereof. Fannie Mae avers that Exhibit F speaks for itself.

57. Fannie Mae denies the allegations in Paragraph 57 and demands strict proof thereof.

58. Fannie Mae denies the allegations in Paragraph 58 and demands strict proof thereof.

*The Office of Federal Housing Enterprise Oversight Issues Report*

59. Fannie Mae denies the allegations in Paragraph 59 and demands strict proof thereof. Fannie Mae avers that on September 20, 2004, Fannie Mae's Board of Directors received the Office of Federal Housing Enterprise Oversight's ("OFHEO") report of the findings to date of the OFHEO's special examination of Fannie Mae. The OFHEO report speaks for itself. Nothing in the report related to CAPS specifically or procurement in general.

60. Fannie Mae denies the allegations in Paragraph 60 and demands strict proof thereof. Fannie Mae avers the OFHEO report speaks for itself.

61. Fannie Mae denies the allegations in Paragraph 61 and demands strict proof thereof. Fannie Mae avers that on September 22, 2004, Fannie Mae's Board of Directors, through its Presiding Director, issued a statement indicating, among other things, that it took the OFHEO report "seriously" and pledged its full cooperation with the regulators.

62. Fannie Mae denies the allegations in Paragraph 62 and demands strict proof thereof.

63. Fannie Mae denies the allegations in Paragraph 63 and demands strict proof thereof.

64. Fannie Mae denies the allegations in Paragraph 64 and demands strict proof thereof. Fannie Mae avers that, on or about December 16, 2004, Plaintiff complained to

another Fannie Mae employee (outside his department and supervisory chain) that he was issued a written warning as "retaliation" for raising "process and procedure issues." Fannie Mae further avers that the employee to whom Plaintiff made the statement, immediately referred the matter to Fannie Mae's Office of Corporate Justice ("OCJ"). Fannie Mae avers that, although within days of the referral Plaintiff was given full opportunity to explain his issues to OCJ, he never described any conduct that could reasonably be understood to relate to the protection of Fannie Mae's shareholders, or compliance with the Sarbanes-Oxley Act, the Securities Exchange Act, or the mitigation of fraud, waste, or abuse.

65.    Fannie Mae lacks sufficient information to admit or deny the allegations in Paragraph 65 (including the identification of Exhibit G) and therefore demands strict proof thereof.

66.    Fannie Mae lacks sufficient information to admit or deny the allegations in Paragraph 66 (including the identification of Exhibit H) and therefore demands strict proof thereof.

*Inaccurate Cost Savings Determinations*

67.    Fannie Mae denies the allegations in Paragraph 67 and demands strict proof thereof. Fannie Mae avers that Exhibit I speaks for itself.

*The Audit of the Contact and Procurement Services Department Begins*

68.    Fannie Mae denies the allegations in Paragraph 68 and demands strict proof thereof.

69.    Fannie Mae denies the allegations in Paragraph 69 and demands strict proof thereof.

70. Fannie Mae denies the allegations in Paragraph 70 and demands strict proof thereof.

71. Fannie Mae denies the allegations in Paragraph 71 (including the identification of Exhibit J) and demands strict proof thereof.

72. Fannie Mae admits that Rosanne S. Martin-Edler, Plaintiff's manager, received a request for childbirth leave from Plaintiff, which request is one of many pages included as Exhibit K to the Complaint. Fannie Mae denies the remaining allegations in Paragraph 72 and demands strict proof thereof.

73. Fannie Mae denies the allegations in Paragraph 73 and demands strict proof thereof.

74. Fannie Mae denies the allegations in Paragraph 74 and demands strict proof thereof.

75. Fannie Mae denies the allegations in Paragraph 75 and demands strict proof thereof.

76. Fannie Mae denies the allegations in Paragraph 76 and demands strict proof thereof.

77. Fannie Mae denies the allegations in Paragraph 77 and demands strict proof thereof.

78. Fannie Mae denies the allegations in Paragraph 78 and demands strict proof thereof.

79. Fannie Mae denies the allegations in Paragraph 79 and demands strict proof thereof.

80. Fannie Mae denies the allegations in Paragraph 80 (including the identification of Exhibit L) and demands strict proof thereof.

81. Fannie Mae denies the allegations in Paragraph 81 and demands strict proof thereof.

82. Fannie Mae denies the allegations in Paragraph 82 and demands strict proof thereof.

83. Fannie Mae denies the allegations in Paragraph 83 and demands strict proof thereof.

84. Fannie Mae denies the allegations in Paragraph 84 and demands strict proof thereof.

85. Fannie Mae denies the allegations in Paragraph 85 and demands strict proof thereof.

*Count I – Wrongful Termination in Violation of Sarbanes-Oxley*

86. Fannie Mae's responses to paragraphs 1 through 85 are hereby restated and incorporated herein by reference.

87. Paragraph 87 contains statements of legal authority and interpretation for which no response in necessary.

88. Fannie Mae admits that, effective March 31, 2003, it voluntarily registered its common stock with the SEC under Section 12(g) of the Securities Exchange Act of 1934. The remaining allegation in Paragraph 88 contains a statement of legal authority and interpretation for which no response in necessary.

89. Paragraph 89 contains statements of legal authority and interpretation for which no response in necessary.

90. Paragraph 90 contains statements of legal authority and interpretation for which no response in necessary.

91. Paragraph 91 contains statements of legal authority and interpretation for which no response in necessary.

92. Paragraph 92 contains statements of legal authority and interpretation for which no response in necessary.

93. Fannie Mae denies the allegations in Paragraph 93 and demands strict proof thereof.

94. Fannie Mae denies the allegations in Paragraph 94, including subparts a-h, and demands strict proof thereof.

95. Paragraph 95 contains statements of legal authority and interpretation for which no response in necessary.

96. Paragraph 96 contains statements of legal authority and interpretation for which no response in necessary.

97. Paragraph 97 contains statements of legal authority and interpretation for which no response in necessary.

98. Paragraph 98 contains statements of legal authority and interpretation for which no response in necessary.

*Relief Requested*

99. Fannie Mae denies that any relief is appropriate.

*General Statement Regarding Factual Allegations*

100. Fannie Mae denies any and all factual allegations contained in the Complaint that are not otherwise addressed above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

*Failure to Arbitrate:* Plaintiff's claim may not be litigated in court because the claim is subject to arbitration as a prerequisite to bringing suit in court.

### Third Affirmative Defense

*Breach of Contract:* Plaintiff entered into an agreement with Fannie Mae to arbitrate any claims he had against Fannie Mae that were related to his employment (or the termination of such employment), as a condition precedent to filing a lawsuit. Plaintiff has breached that agreement by filing the Complaint in this action.

### Fourth Affirmative Defense

*Estoppel:* Plaintiff's claims are barred in whole or in part because Plaintiff is estopped by his own conduct to claim any right to damages or other monetary relief from Fannie Mae.

### Fifth Affirmative Defense

*Waiver:* Plaintiff's claim is barred in whole or in part because such claim has been waived, discharged, and/or abandoned.

### Sixth Affirmative Defense

At all times pertinent to the Complaint, Plaintiff was an at-will employee of Fannie Mae.

**Seventh Affirmative Defense**

Upon information and belief, Plaintiff's claims are based on his incompetence in the area of procurement or his ignorance of standard procurement activities.

**Eighth Affirmative Defense**

Upon information and belief, Plaintiff's claims are based on his own bias against women in management positions (or animus against the individuals based on sex), together with his unfounded belief that he possessed superior education and knowledge, making him better able than his female managers to manage the procurement activities of Fannie Mae. As a result, upon information and belief, Plaintiff refused to listen to, or act on, the feedback from his managers about his performance, which could have assisted him in improving his job performance.

**Ninth Affirmative Defense**

*Unclean Hands/Estoppel*: All Fannie Mae employees are bound by its Code of Business Conduct. Among other things, under the Code of Business Conduct, all employees are required to disclose violations of the Code of Business Conduct. On June 15, 2004, Plaintiff certified that he knew of no Code of Business conduct violations. On December 22, 2004, Plaintiff completed the on-line course "The Code at Work" (a course relating to the Code of Business Conduct). Although Plaintiff was obligated to report violations of the Code of Business Conduct (which would have included the type of concerns he now raises in his Complaint), he never did. In fact, Plaintiff affirmatively certified that he knew of no violations. If the conduct alleged in the Complaint actually occurred, Plaintiff's certification amounts to unclean hands and, having hidden the

conduct from Fannie Mae, he should not now be allowed to bring this suit. In addition, based on the same conduct, Plaintiff is estopped from now raising such violations.

**Tenth Affirmative Defense**

*Unjust, Arbitrary and Oppressive, or Confiscatory Special Damages Requested:* Plaintiff is not entitled to recover any special damages because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

**Eleventh Affirmative Defense**

*Conduct Reasonable and In Good Faith:* Following a thorough review of Plaintiff's work, Fannie Mae acted in good faith in determining the appropriate remedial/disciplinary action taken against Plaintiff (counseling, warnings, and termination).

**Twelfth Affirmative Defense**

Fannie Mae states that it would have made the same employment decisions regarding Plaintiff in the absence of the "concerns" and "issues" he raised (although Fannie Mae notes that any "complaints," "concerns" and "issues" raised during his employment were not characterized as they are now in his Complaint). Plaintiff's "complaints," "concerns" and "issues" to his supervisors were not related to or intended to protect Fannie Mae's shareholders, nor were they related in any way to compliance with Sarbanes-Oxley, the Securities Exchange Act, or the mitigation of fraud, waste, or abuse. Rather, Plaintiff's actions were aimed at deflecting attention away from his performance deficiencies.

**Thirteenth Affirmative Defense**

*Statute of Limitations*: All allegations of violations of the Sarbanes-Oxley Act that took place more than 90 days prior to Plaintiff's filing with the U.S. Department of Labor, or that were not made part of his complaint to the U.S. Department of Labor, are barred by the applicable statute of limitations.

**Fourteenth Affirmative Defense**

*No Causal Connection*: Plaintiff cannot demonstrate that Fannie Mae had knowledge of Plaintiff's alleged protected activity, and that the termination of Plaintiff's employment relationship took place shortly after any allegedly protected activity.

**Fifteenth Affirmative Defense**

Plaintiff has not provided, nor can he provide, an itemization of his damage claim.

**Sixteenth Affirmative Defense**

*Facts Not Sufficient for Punitive Damages:* Plaintiff's cause of action and prayers for punitive or exemplary damages do not state facts sufficient to enable Plaintiff to recover exemplary or punitive damages.

**Seventeenth Affirmative Defense**

*No Jury Trial:* Plaintiff is not entitled to have equitable issues or matters of law tried to a jury, and Plaintiff's demand for a jury trial should be so limited.

**Eighteenth Affirmative Defense**

Fannie Mae reserves the right to amend its answer and defenses against Plaintiff as necessary prior to the trial in this matter.

**WHEREFORE,** Defendant Fannie Mae prays as follows:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by way of the Complaint;

3. That Fannie Mae be awarded costs of suit and attorneys' fees herein; and

4. That the Court order such other and further relief for Fannie Mae as the Court may deem just and proper.

Dated: March 10, 2006                                         Respectfully submitted,

                                                              By:    /s/ Philip T. Evans
                                                                  Philip T. Evans (D.C. Bar No. 441735)
                                                                  HOLLAND & KNIGHT LLP
                                                                  2099 Pennsylvania Ave., N.W., Suite 100
                                                                  Washington, D.C. 20006
                                                                  Tel: 202-955-3000/Fax: 202-955-5564

                                                              *Counsel for Fannie Mae*

## VERFICATION

I hereby verify under penalty of perjury that the foregoing admissions, denials, and averments are true and correct to the best of my understanding, knowledge, and belief.

Executed on March 10, 2006.

                                                              _____
                                                              Madonna A. McGwin
                                                              Associate General Counsel
                                                              Fannie Mae