UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAXWELL J. KIMPSON, :
:
:
Plaintiff, :
:
v. : Case No. 1:06-CV-00018 (RWR)
:
FANNIE MAE CORPORATION, :
:
:
Defendant. :

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE DEFAULT**

Comes now Plaintiff, Maxwell J. Kimpson, through his attorneys THOMPSON O'DONNELL, LLP, and respectfully presents this memorandum of points and authorities in opposition to Defendant's Motion to Vacate Default

**INTRODUCTION**

Defendant wrongfully terminated Plaintiff Maxwell Kimpson in April of 2005. Defendant terminated Mr. Kimpson in retaliation for his complaints regarding the accounting practices of Fannie Mae. Because he was wrongfully terminated, Mr. Kimpson filed a complaint with the United States Department of Labor under Public Law 107-204, Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A (hereinafter "Sarbanes-Oxley"), which was enacted on July 30, 2002.

Pursuant to 29 C.F.R. § 1980.114, if the Secretary of Labor does not issue a final decision within 180 days of the filing of the complaint then the employee may file suit in an

appropriate United States District Court. Mr. Kimpson exercised the right provided to him by 29 C.F.R. § 1980.114 by filing suit in this Court on January 6, 2006.

Plaintiff served Defendant with the Summons and Complaint on January 20, 2006. Service was affected through certified mail to Jodie Kelley, Esquire. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service upon a corporation is affected in the manner prescribed by the law of the state in which the District Court is located. Therefore, service in this case is governed by Rule 4 of the District of Columbia Rules of Court, which prescribes service by delivering a copy of the summons and complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Jodie Kelley is a Vice President and Deputy General Counsel and therefore an officer of the corporation. Furthermore, Defendant directed that Plaintiff serve Jodie Kelley with the Complaint.

Pursuant to Rule 4(C)(3) of the District of Columbia Rules of Court, service may be affected by mailing a copy of the summons and complaint using certified mail, return receipt requested. Plaintiff sent a copy of the Complaint and Summons to Jodie Kelley by certified mail, return receipt requested. Defendant received and signed for this certified mail on January 20, 2006. Pursuant to Rule 4(l) of the Federal Rules of Civil Procedure, Plaintiff filed a Proof of Service with the Court attesting to serving the Defendant on January 20, 2006. Despite being served with the Summons and Complaint, Defendant failed to serve an Answer within the time provided.

In recognition of Defendant's failure to answer the Complaint, the Clerk of the Court entered a default against Defendant on March 3, 2006. Defendant now asks that this Court

excuse its failure to answer and vacate the default. For the reasons set forth more fully herein, default should not be vacated and this matter should proceed directly to a hearing on damages.

## ARGUMENT

The decision as to whether an entry of default should be vacated is committed to the sound discretion of the trial court. Int'l Painters & Allied Trades & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F.Supp.2d 22, 25-26 (D.D.C. 2003). Under Federal Rule of Civil Procedure 55(c), an entry of default may only be set aside for "good cause." Good cause exists in two scenarios: (1) where the court that issued the entry of default did not have personal jurisdiction over the defendant and (2) upon a balancing of equities. Flynn v. Pulaski Const. Co., Inc., Slip Copy, 2006 WL 47304 (D.D.C., 2006). Under the latter test, courts specifically weigh the following factors: (a) whether the default was willful, (b) whether the Defendant has a meritorious defense to the lawsuit, and (c) whether setting aside the default will prejudice the opposing party. See, Jackson v. Beech, 636 F.2d 831, 836 (D.C.Cir. 1980).

### I. DEFENDANT WILLFULLY FAILED TO ANSWER

This Court has held that the "boundary of willfulness lies somewhere between a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." International Painters and Allied Trades Union and Industry Pension Fund, 288 F.Supp.2d 22, 26 (D.D.C. 2003) citing, Gucci Am., Inc. v. Gold Ctr. Jewelry, 158 F.3d 631, 635 (2nd Cir. 1998). Defendant's failure to answer is more than simple negligence. Defendant acknowledges that counsel for Mr. Kimpson informed Defendant during a telephone conversation that it would be filing suit. In addition, Mr. Kimpson sent Defendant a notification pursuant to 29 C.F.R. § 1980.114 informing that Mr. Kimpson would be filing suit in Federal Court. Despite repeated

notifications from Mr. Kimpson that he would be filing suit and effective service of the Complaint, Defendant failed to answer the Complaint.

A defendant has a duty to answer within the time provided after service of process. Defendant is not contesting service, as Mr. Kimpson properly and successfully served Defendant. Rather than acknowledge their duty to answer, Defendant instead argues that Mr., Kimpson bore a duty to notify Defendant before moving for default. Defendant's motion indicates that default should be vacated because Plaintiff "elected to file a Motion for Default Judgment instead of contacting Ms. McGwin and inquiring as to the status of Fannie Mae's response". (Motion to Vacate p. 3). Mr. Kimpson is under no duty to contact Defendant when it fails to answer within the time provided. Furthermore, Mr. Kimpson previously notified Defendant on two occasions that he would be filing suit. In light of Mr. Kimpson's repeated notifications that it would be filing suit, it is the Defendant who should have inquired with Mr. Kimpson's counsel when it could not locate the Complaint.

Defendant's failure to answer is more than simple negligence. Defendant knew suit was being filed, Defendant knew who represents Mr. Kimpson, and most importantly, Defendant received service of process. Despite all of these factors, Defendant failed to answer to the Complaint. This is not a case of simple negligent filing error where relief from default might be appropriate. On the contrary, this is a case where Defendant received repeated notification of the suit, and knew whom to contact if there was an issue regarding the suit. Furthermore, process was served on an attorney and officer of the corporation. Vacating the default might be appropriate if this were a case where a distant corporate minion received service of process regarding an unknown matter and that person failed to understand the significance of service of process. That is not the case here, service being made on an

attorney. Furthermore, service was made upon an officer and attorney who had advanced notice that suit was being filed. The facts in this circumstance far exceed simple clerical error and instead indicate willful conduct that prevents the default from being vacated.

Defendant's motion fails to provide an explanation of why it did not timely answer the Complaint. Defendant acknowledges that it received the Summons and Complaint. In fact, the Summons and Complaint not only arrived at Defendant's offices, they were found in what Defendant describes as "the Fannie Mae law department". Defendant does not provide an explanation of precisely where in the law department those pleadings were found. The fact that the Summons and Complaint were found within the "law department" is of great significance as it further demonstrates that Defendant willfully failed to answer the Complaint.

Defendant's decision to not specify exactly where the Summons and Complaint were found is very significant.[1] One is left to speculate that perhaps the Summons and Complaint were found on the desk of an attorney, or even on the desk of Jodie Kelly, and that Defendant elected not to disclose this information as it further demonstrates that Defendant willfully failed to answer the Complaint. Regardless of where within the "law department" the Summons and Complaint were found, the important fact is that they were found within a department that presumably understands the significance of a Court pleading. Furthermore, the Summons and Complaint were found within the department where service had been directed.

Defendant's communications with Mr. Kimpson after learning that he would be filing suit indicated that it considered arbitration a foregone conclusion. Defendant's failure to

---

[1] If Defendant contests the significance of precisely where the Summons and Complaint were found, Plaintiff requests a hearing on that issue.

answer the Complaint is a further indication that Defendant considered the arbitration of this suit to be inevitable. So inevitable that Defendant did not need to respond to the Complaint. Only when Mr. Kimpson moved for default judgment did Defendant decide to respond to the Complaint.

Even if Defendant's failure to answer was not the result of bad faith, a finding of bad faith is not a necessary predicate to the conclusion that a defendant acted "willfully." <u>Gucci Am., Inc. v. Gold Center Jewelry</u>, 158 F.3d 631, 635 (2d Cir. 1998). <u>Capital Yacht Club v. Vessel Aviva</u>, 228 F.R.D. 389, 393 (D.D.C. 2005). In light of the circumstances in this case, Defendant's failure to answer is willful and therefore default should not be vacated.

## II.    DEFENDANT FAILED TO ASSERT A MERITORIOUS DEFENSE

Defendant has failed to plead any meritorious defense that would entitle it to relief from default. Defendant alleges that Mr. Kimpson has not stated a claim upon which relief can be granted. On the contrary, Mr. Kimpson alleges that he made protected communications to supervisors and was retaliated against for makings those communications. Mr. Kimpson provided proof of the communications and adverse action is unquestionable as Defendant terminated Mr. Kimpson in response to his protected communications. Therefore, under Sarbanes Oxley, Mr. Kimpson has sufficiently stated a claim upon which relief can be granted.

Defendant's second, third, and forth defense are also unmeritorious. All of these defenses center on Mr. Kimpson not arbitrating this matter prior to filing suit. For the reasons set forth more fully in Mr. Kimpson's Opposition to Defendant's Motion to Compel Arbitration, Mr. Kimpson was not required to arbitrate this matter, and therefore, defenses based upon not arbitrating this matter are not meritorious nor are they "defenses".

Defendant's fifth through ninth defenses are unsupported, unexplained, and not meritorious. Defendant's fifth defense asserts that Mr. Kimpson's claims are barred by waiver and abandonment. On the contrary, Mr. Kimpson timely filed a complaint with the Department of Labor in response to Defendant's retaliatory discharge. The timeliness of Mr. Kimpson's pursuit of this matter is demonstrated by the Department of Labor's proceeding with his complaint. Had Mr. Kimpson not timely filed his Complaint, the Department of Labor would not have begun an investigation into his case. The Department of Labor did investigate his complaint, and that investigation evidences that Mr. Kimpson did not abandon or waive his complaints against Defendant.

Defendant's sixth defense asserts that plaintiff was an at will employee. Sarbanes Oxley protects employees regardless of whether they are at will employees. Under Sarbanes Oxley, a plaintiff is entitled to recover damages if "protected behavior or conduct was a contributing factor in the unfavorable personnel action alleged in the complaint". 29 C.F.R. § 1980.109. Asserting that Mr. Kimpson was an at will employee does not prove that his protected communications were not contributing factors in his termination. Therefore, asserting that Mr. Kimpson was an at will employee is not a meritorious defense to this action.

Defendant's sixth and seventh defenses fail as they assert matters that do not constitute a defense to a Sarbanes Oxley claim. Defendant asserts that Mr. Kimpson was an incompetent employee. Not only is this allegation unsupported and inaccurate, it fails to demonstrate that protected communications were not contributing factors in Mr. Kimpson's termination. Similarly, Defendant asserts a defense that Mr. Kimpson's claims are based on a bias towards women. This allegation is equally unsupported and inaccurate, and it does not

constitute a defense to a Sarbanes Oxley claim. Because these defenses do not demonstrate that protected communications were not contributing factors in Mr. Kimpson's termination, such defenses are not meritorious in this action.

Defendant's ninth, fifteenth, and sixteenth defenses all relate to the computation of damages. This is an issue for determination at the hearing on damages and does not constitute a meritorious defense to a Sarbanes Oxley claim. Whether the damages asserted are properly determined does not demonstrate that Mr. Kimpson's protected behavior or conduct was a not contributing factor in the unfavorable personnel action alleged in the complaint. Therefore, such defenses are not meritorious, as they do not constitute defenses to this action.

Defendant's tenth and eleventh defenses assert that Defendant acted in good faith and that it would have acted the same even if Mr. Kimpson had not made protected complaints. These assertions fail to constitute meritorious defenses to a Sarbanes Oxley claim. Mr. Kimpson is entitled to damages if "protected behavior or conduct was a contributing factor in the unfavorable personnel action alleged in the complaint". 29 C.F.R. § 1980.109. Sarbanes Oxley does not require that the protected communication be the entire motivation behind terminating an employee. So long as the protected communication was a factor, the employee is entitled to damages. Id. Even if Defendant were acting in good faith, it cannot terminate Mr. Kimpson for making protected complaints. Furthermore, even if other factors potentially justified terminating Mr. Kimpson, that does not demonstrate that Mr. Kimpson's complaints were not a factor in his termination. So long as Mr. Kimpson's complaints were a factor in his termination, he is entitled to damages under Sarbanes Oxley. Id. Therefore, these defenses do not protect against a Sarbanes Oxley claim.

Defendant's thirteenth defense is factually inaccurate and therefore not a meritorious defense. Defendant alleges that Mr. Kimpson has not brought this matter in accordance with the statute of limitations. Pursuant to 29 C.F.R. §§ 1980.102 and 103, an employee has 90 days after being discharged to bring an action under Sarbanes Oxley. Defendant terminated Mr. Kimpson on April 5, 2005. Mr. Kimpson filed his complaint with the Department of Labor on June 30, 2005, less than 90 days after being terminated. Therefore, Mr. Kimpson filed him complaint within the statute of limitations, thereby making Defendant's thirteenth defense not meritorious.

Defendant's fourteenth defense asserts that Mr. Kimpson cannot demonstrate a causal connection because it had no knowledge of his protected actions. On the contrary, the exhibits attached to Mr. Kimpson's Complaint demonstrate that Mr. Kimpson made protected communications both verbally and in written forms. Mr. Kimpson provided exhibits containing emails to several of Defendant's supervisors, as well as a letter to Congressman Clyburn. All of these communications contain protected complaints, and it is undisputed that Defendant received these communications. Therefore, Defendant's fourteenth defense is not meritorious as Defendant clearly had knowledge of Mr. Kimpson's protected communications to his supervisors or a member of Congress.

Defendant's seventeenth defense asserts that Mr. Kimpson is not entitled to a jury trial. This assertion is not accurate, and even if it were accurate, it does not constitute a defense to the underlying action. Therefore, Defendant's seventeenth defense is not meritorious and does not entitle Defendant to relief from default.

Defendant failed to assert any meritorious defense to this action. Defendant makes numerous defenses that are unrelated to a Sarbanes Oxley claim. Because Defendant failed to assert a meritorious defense, it is not entitled to have the default vacated.

### III. DEFENDANT'S FAILURE TO ANSWER CAUSED MR. KIMPSON TO SUFFER PREJUDICE

Defendant's failure to answer the Complaint caused an initial delay in proceeding with this matter. This delay is further increased because of handling the effects of Defendant's default. With each passing day, Mr. Kimpson is prejudiced as witnesses recollections fade thereby weakening the accuracy of discovery and Mr. Kimpson's ability to accurately demonstrate the events surrounding his termination. Furthermore, Mr. Kimpson is prejudiced by having to expend further time and money to handle a situation created by Defendant's willful failure to respond to the Complaint.

Even if Mr. Kimpson had not suffered prejudice, an absence of prejudice to a plaintiff does not in itself entitle defendant to relief from the judgment. Capital Yacht, 228 F.R.D. at 394, *citing,* S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). This Court has discretion to deny a motion to vacate if it is persuaded that the default was willful and that the defaulting party has no meritorious defenses. McNulty, 137 F.3d at 738; Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993) (the prejudice factor is of lesser importance than the others when considering a motion to vacate a default judgment). Therefore, even if the Court finds that Mr. Kimpson was not prejudiced, the default should not be vacated in light of the willfulness of Defendant's conduct.

### CONCLUSION

For the reasons set forth more fully above, the default should not be vacated as Defendant willfully failed to answer the Complaint within the time provided; failed to assert a meritorious defense; and caused Mr. Kimpson to suffer prejudice.

>Respectfully submitted,
>
>THOMPSON O'DONNELL, LLP
>
>*/s/ Michael Hannon*
>J/Michael Hannon #352526
>Sean G. Ryan #495067
>1212 New York Avenue, N.W.
>Suite 1000
>Washington, D.C. 20005
>(202) 289-1133
>(202) 289-0275 (facsimile)
>
>Attorneys for Plaintiff
>Maxwell J. Kimpson

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE DEFAULT** was sent via electronic filing and first class mail, postage prepaid this 24th day of March, 2006 to:

Phillip T. Evans
HOLLAND & KNIGHT, LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006

Madonna A. McGwin
Associate General Counsel
FANNIE MAE CORPORATION
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016

_____
J. Michael Hannon