UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXWELL J. KIMPSON, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 1:06-cv-00018 (RWR) |
| FANNIE MAE, : | |
| Defendant. : | |

## JOINT LOCAL RULE 16.3 STATEMENT AND PROPOSED DISCOVERY PLAN

Plaintiff Maxwell J. Kimpson ("Plaintiff" or "Kimpson") and Defendant Fannie Mae ("Defendant" or "Fannie Mae"), by and through the undersigned counsel, pursuant to Local Rule 16.3(d) ("Rule 16.3") and, Fed. R. Civ. P. 26(f), hereby respectfully submit their Rule 16.3 Statement and Proposed Discovery Plan. There are no matters currently scheduled in this proceeding, although there are three motions which have been fully briefed and await ruling by this Court: Defendant's Motion to Dismiss or, in the Alternative, to Compel Arbitration; Plaintiff's Renewed Motion for Entry of Default Judgment; and Defendant's Motion to Vacate Default (collectively the "Dispositive Motions).

On August 24, 2006, undersigned counsel for the parties met initially at the offices of counsel for Fannie Mae to discuss the issues called for under Rule 16.3, and had subsequent communications on August 30 and 31 concerning specific issues to be addressed in the report to the Court. As a preliminary matter, Plaintiff indicated that it would serve discovery requests as soon as permissible under Local Rule 26.2. In turn, Defendant's position is that the Rule 16.3 meeting, discovery, and initial disclosures, are unwarranted in this matter because Plaintiff has

1

failed to fulfill his obligation to arbitrate this dispute as a prerequisite to this litigation. See Defendant's Motion to Dismiss or, in the Alternative, to Compel Arbitration. Thus, if Plaintiff serves discovery requests, Defendant will be forced to file a Motion to Stay Discovery pending a ruling on the Dispositive Motions. Plaintiff requests that the Court promptly issue a Scheduling Order ("Proceedings Order") consistent with the terms of this Rule 16.3 Statement. Defendant maintains that the matter should be referred to arbitration, and a Proceedings Order consistent with terms of this Rule 16.3 Statement should not issue until resolution of the Dispositive Motions.

(1)   Case Tracking Category:

The parties agree to submit the case on the standard track.

(2)   Joinder of Other Parties, Amended Pleadings, Narrowing Issues:

While uncertain at this time, the parties recognize the possibility the pleadings may need to be amended, although it is unlikely that any parties will need to be joined. The parties agree that the deadline for such joinder and amendment, without leave of the Court, should be 120 days from the entry of the Proceedings Order.

(3)   Assignment to Magistrate:

The parties do not agree to assign this case to a magistrate for trial at this time. The parties agree, however, that potential discovery disputes or settlement negotiations may be referred to a magistrate.

(4)   Possibility of Settlement:

The parties do not believe that the case can be settled at the present time. The parties have agreed, however, to reevaluate their respective positions as this matter proceeds.

(5)   Alternative Dispute Resolution (ADR):

The parties are currently discussing whether the case is appropriate for referral to ADR at this time (other than the required arbitration). If the parties elect to proceed to ADR, they will jointly advise the court as appropriate.

(6) <u>Summary Judgment, Dispositive Motions, Etc.</u>:

At this time, the parties do not believe that any of the claims in this case, or any portions thereof, can be resolved by dispositive motion not yet filed. The parties reserve the right, however, to file summary judgment motions after entry of an arbitration award and elects to continue with litigation.

(7) <u>Initial Disclosures</u>:

The parties cannot agree to a schedule for the exchange of initial disclosures required under Fed. R. Civ. P. 26(a)(1). Defendant's position is that such exchange should only occur after arbitration. Plaintiff's position is that Defendant cannot unilaterally refuse to provide initial disclosures, and such disclosures should occur 30 days after entry of a Proceedings Order.

(8) <u>Discovery</u>:

The parties have not yet agreed on whether the number of document production requests and requests for admission should be unlimited. The parties agree to allow twenty-five interrogatories by each party. The parties agree that non-expert depositions will be needed, but cannot suggest an appropriate number of such depositions until after passage of the deadline for party joinder and pleading amendments. The parties reserve the right to request that a protective order be entered in the case. The parties request a non-expert discovery deadline be set 120 after the completion of the required arbitration or entry of a Proceedings Order, whichever is appropriate.

(9) <u>Expert Witness Reports</u>:

The parties agree to produce expert witness reports in accordance with Fed. R. Civ. P. 26(a)(2). The parties propose that all expert depositions, if needed, be completed within 30 days after the close of non-expert discovery.

(10) <u>Class Action</u>:

The parties agree that this provision is not applicable.

(11) <u>Bifurcation</u>:

The parties agree that this case should not be bifurcated.

(12) <u>Pretrial</u>:

The parties propose that the pretrial conference be held at a time convenient for the Court.

(13) <u>Trial Date</u>:

The parties agree that the Court need not set a firm trial date at this time and that the trial should be held 30 to 60 days after the pretrial conference.

Dated: September 8, 2006                    Respectfully submitted,

By: ____/s/ Philip T. Evans_____
Philip T. Evans (D.C. Bar No. 441735)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Tel: (202) 955-3000/Fax: (202) 955-5564

*Counsel for Fannie Mae*

***Of Counsel:***
Madonna A. McGwin
Associate General Counsel
Fannie Mae
3900 Wisconsin Avenue, N.W.
Washington, D.C. 20016-2892

4

By: /s/ Charles I. Cate
J. Michael Hannon (DC Bar No.352526)
Charles I. Cate (DC Bar No. 969360)
Hannon Law Group, LLC
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907/Fax: (202) 232-3704
chascate@hannonlawgroup.com

*Counsel for Maxwell Kimpson*

# 4033699_v1