**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
MAXWELL J. KIMPSON,           )
                              )
        Plaintiff,            )
                              )
        v.                    )      Civil Action No. 06-18 (RWR)
                              )
FANNIE MAE CORPORATION,       )
                              )
        Defendant.            )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maxwell J. Kimpson brought this action alleging that he was wrongfully terminated in violation of the whistleblower provisions of the Sarbanes-Oxley Act.  Defendant Fannie Mae Corporation ("Fannie Mae") filed a motion to compel arbitration and dismiss the complaint, or in the alternative, to stay the proceedings stating that the parties entered into a valid agreement to arbitrate Kimpson's wrongful discharge claim. Because the parties' employment contract requires arbitration of Kimpson's claim, the parties will be directed to engage in arbitration and this action will be stayed pending its completion.

BACKGROUND

Kimpson was employed by Fannie Mae as a Contract/Procurement Specialist.  His employment contract stated, in part, that all employees with claims covered by the dispute resolution policy

- 2 -

must "arbitrate the claim under this Policy before bringing suit
on it in court. . . .  The Policy applies to all claims that an
employee might make against Fannie Mae (and its directors,
officers, agents, or employees, in their representative
capacities) involving a legally-protected right, that directly or
indirectly relate to his . . . employment or the termination of
that employment, even if the claim is based on facts and
circumstances that occurred before the effective date of the
policy."  (Def.'s Mot. to Compel, Ex. 1, Attach. A at 1.)
Throughout Kimpson's employment, he frequently complained to his
supervisors about his department's contract and accounting
practices and the lack of formal policies to ensure review of
fraudulent activities.  Kimpson claims that while asserting these
complaints, the corporation attracted a great deal of negative
media attention and "[i]n an attempt to avoid culpability for the
fraudulent, wasteful, and abusive practices criticized by
Mr. Kimpson, [his] supervisors conspired to fire him."  (Compl.
¶ 8.)  Following Kimpson's termination, the Office of Federal
Housing Enterprise Oversight's audit findings and an internal
audit revealed that Fannie Mae had engaged in the improper
conduct that Kimpson had alleged.  (Id.)

    Kimpson filed the instant complaint alleging wrongful
termination in violation of the whistleblower provisions of the

- 3 -

Sarbanes-Oxley Act.[1]  Fannie Mae moved to dismiss and compel arbitration, stating that plaintiff agreed in a binding written agreement to engage in non-binding arbitration of his claims before initiating a court action.  Kimpson insists that he never agreed to arbitrate claims related to Sarbanes-Oxley given that the statute did not exist at the time that Fannie Mae enacted its dispute resolution policy.

## DISCUSSION

I.  MOTION TO COMPEL ARBITRATION

The Federal Arbitration Act ("FAA") provides that "a written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon any grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Although the D.C. Circuit has not ruled on whether a non-binding arbitration agreement is covered by the FAA, it has

---

[1]  "No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78l), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78o(d)), or any officer, employee, contractor, subcontractor, or agent of such company, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee . . . to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of sections 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission."  18 U.S.C. § 1514(a).

- 4 -

noted that parties to a contract requiring arbitration of claims
would still have a right to enforcement of that contract
provision even if the contract fell outside of the FAA.  Cole v.
Burns Int'l Sec. Servs., 105 F.3d 1465, 1472 (D.C. Cir. 1997).
See also Wolsey, LTD. v. Foodmaker, Inc., 144 F.3d 1205, 1209
(9th Cir. 1998) ("In light of the strong presumption in favor of
arbitrability . . ., we hold that arbitration need not be binding
in order to fall within the scope of the Federal Arbitration
Act."); but see Dluhos v. Strasberg, 321 F.3d 365, 371 (3rd Cir.
2003) (holding that a non-binding dispute resolution policy did
not constitute "arbitration" under the FAA).

      "[A]ny doubts concerning the scope of arbitrable issues
should be resolved in favor of arbitration[.]"  Mitsubishi Motors
Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985).
However, an individual cannot be required to submit to
arbitration any dispute which he has not agreed to arbitrate,
United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S.
574, 582 (1960), and the question "whether the parties have
submitted a particular dispute to arbitration, i.e., 'question of
arbitrability,' is 'an issue for judicial determination unless
the parties clearly and unmistakably prove otherwise.'"  Howsam
v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting
AT&T Techs. v. Commc'ns Workers, 475 U.S. 643, 649 (1986))
(emphasis in original).  Generally, whether arbitration should be

- 5 -

compelled depends upon "whether the parties entered into a valid
and enforceable arbitration agreement." Stromberg Sheet Metal
Works, Inc. v. Washington Gas Energy Sys., 448 F. Supp. 2d 64, 68
(D.D.C. 2006) (internal quotations omitted).

Fannie Mae's policy expressly and unequivocally requires the
arbitrator to "resolve all disputes over the interpretation and
applicability of the Policy" (Def.'s Mot. to Compel. Ex. 1,
Attach. A at 6), and there is no need for judicial intervention
to determine if Kimpson's Sarbanes-Oxley claims are arbitrable.
See Air Line Pilots Ass'n v. Fed. Express Corp., 402 F.3d 1245,
1248-49 (D.C. Cir. 2005) (finding that arbitration was required
where an employment agreement granted the arbitrator jurisdiction
over all disputes arising out of the agreement). Because the
policy gives an arbitrator the right to resolve any dispute
concerning whether the policy encompasses Kimpson's claims, the
only question is whether Kimpson is bound by the policy and must
submit his claims to an arbitrator.

Fannie Mae maintains that a valid employment contract
requiring arbitration constrains Kimpson's action. Kimpson does
not contest the validity of the arbitration agreement existing
between the two parties. Indeed, consent to Fannie Mae's dispute
resolution policy became a condition of employment in 1998
(Def.'s Mot. to Compel, Ex. 1. ¶ 3), and Kimpson became a full-
time employee in 2000. (Compl. ¶ 9.) Fannie Mae notes that

- 6 -

Kimpson "in no way objected to or rejected the Policy at the inception of his employment with Fannie Mae."  (Def.'s Reply Mem. to Pl.'s Opp'n ("Def.'s Reply") at 2-3.)  Accordingly, a valid arbitration agreement exists.

What Kimpson argues is that because he never consented to arbitrate his Sarbanes-Oxley claims, the employment contract cannot require it.  Kimpson contends that because Sarbanes-Oxley is not listed in the extensive list of covered statutes contained in the dispute resolution policy, many of which address employment issues that are unrelated to the fraud and corporate responsibility concerns of Sarbanes-Oxley, his claims are not covered and the policy, which compels arbitration before filing a civil action, is inapplicable to his complaint.[2]  (Pl.'s Opp'n at 5.)  Kimpson also suggests that the absence of an explicit reference to Sarbanes-Oxley in the policy's list of claims not covered reveals a lack of consensus to arbitrate Sarbanes-Oxley

---

[2]     The policy noted that "[f]or example, claims asserting rights protected by the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans with Disabilities Act, 42 U.S.C. § 1981, or the Family and Medical Leave Act would be covered by the Policy."  (Def.'s Mot. to Compel, Ex. 1, Attach. A at 1.)

claims.[3]  Fannie Mae responds that the comprehensive language of
the policy applies to Kimpson's claims.

Although Sarbanes-Oxley had not been passed when Kimpson's
policy became enforceable, the policy's fairly broad language
covers all "claims that an employee might make against Fannie Mae
. . . involving a legally-protected right, that directly or
indirectly relate to his or her employment or the termination of
that employment . . . .  [T]hese include claims involving rights
protected by any federal, state, or other governmental
constitution, statute, ordinance, regulation, or common law."
(Def.'s Mot. to Compel Arbitration and Dismiss ("Def.'s Mot. to
Compel"), Ex. 1, Attach. A at 1.)  See Brown v. ITT Consumer Fin.
Corp., 211 F.3d 1217, 1221 (11th Cir. 2000) ("A party cannot
avoid arbitration, however, because the arbitration clause uses
general, inclusive language, rather than listing every possible
claim.").  Given the inclusive and comprehensive language of the

---

[3]     The policy "does not apply to any claim made in
connection with workers compensation benefits, unemployment
compensation benefits, or under any of Fannie Mae's employee
welfare benefit, ERISA, or pension plans, or to any claim of
unfair competition, disclosure of trade secrets, or breach of
trust or fiduciary duty."  (Def.'s Mot. to Compel, Ex. 1, Attach.
A at 2.)  Kimpson also argues in the alternative that his claim
involves a breach of fiduciary duty.  (Pl.'s Opp'n at 5.)
However, the facts that Kimpson states allege wrongful
termination due to his alleged attempts to draw attention to
Fannie Mae's contract and accounting practices.  (Compl. at 24.)
Kimpson requests back pay and "[d]amages to compensate Plaintiff
for the loss of income and earning capacity that Defendant's
conduct has caused," and reinstatement.  (Compl. at 27.)

- 8 -

policy, it clearly implicates Kimpson's claims related to
Sarbanes-Oxley because they involve his exercise of a legally-
protected right that he alleges directly led to his termination.
Thus, even if the parties never foresaw Sarbanes-Oxley before
contracting under the policy, the language regarding the
inclusion of "claims involving rights protected by any federal
. . . statute" captures Kimpson's claims.

II.  MOTION TO STAY PROCEEDINGS

The FAA provides that if a claim covered by a valid
arbitration agreement is brought in federal court, and the party
seeking arbitration did not waive his right to arbitration, the
claim must be stayed upon request of one of the parties.  9
U.S.C. § 3.[4]  See Microplay Franchising Am., Inc. v. JSH Video
Games, Inc., Civ. Action No. 98-686, 1998 U.S. Dist. LEXIS 18372,
at *8-9 (D.D.C. Nov. 10, 1998).  Because Kimpson's claims are
covered by an enforceable arbitration agreement, this action will
be stayed pending the conclusion of arbitration.[5]

--------

[4]    Section 3 states that "[i]f any suit or proceeding in
any of the courts of the United States upon any issue referable
to arbitration under an agreement in writing for such
arbitration, the court in which such suit is pending, upon being
satisfied that the issue involved in such suit or proceeding is
referable to arbitration under such an agreement, shall on
application of one of the parties stay the trial of the action
until such arbitration has been had in accordance with the terms
of the agreement . . . ."

[5]    Kimpson does not contest that a stay might be
appropriate.  He suggests that "[i]f arbitration is compelled,
neither party would be prejudiced by simply staying this action
until the completion of arbitration."  (Pl.'s Opp'n at 8.)

- 9 -

CONCLUSION AND ORDER

Fannie Mae has demonstrated that its employment contract binds the parties to arbitrate Kimpson's claims.  Any determinations about arbitrability are to be made by the arbitrator.  Thus, it is hereby

ORDERED that defendant's motion [7] to dismiss, or in the alternative, compel arbitration be, and hereby is, GRANTED in part.  The parties shall proceed to arbitration.  It is further

ORDERED that defendant's motion [8] to stay the proceedings be, and hereby is, GRANTED.  This case is STAYED and administratively closed pending the completion of arbitration.

SIGNED this 31st day of March, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge